**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DERECK HOUNAKEY,

    Petitioner,

v.

U.S. ATTORNEY GENERAL JEFF SESSIONS
et al.,

    Respondents.

Civ. No. 18-8219 (KM)

**MEMORANDUM OPINION**

## KEVIN MCNULTY, U.S.D.J.

Petitioner, Dereck Hounakey, is an immigration detainee currently held at the Essex County Correctional Facility, in Newark, New Jersey. On April 23, 2018, through counsel, he filed a petition for writ of mandamus, under 28 U.S.C. § 1361, seeking an order staying his removal pending review of a motion to reopen before the Board of Immigration Appeals ("BIA"). Presently before this Court is an application for an order to show cause why an order of mandamus should not issue directing the BIA to grant an emergency stay of removal, which order would also directly preclude Mr. Hounakey's detention or removal. (ECF No. 4.) For the reasons explained herein, Mr. Hounakey's application for an order to show cause is denied and his complaint is dismissed for lack of subject-matter jurisdiction.

Mr. Hounakey's complaint and memorandum of law indicate that he is a citizen of Togo, who entered this country as a legal permanent resident in 2001. He reports that in 2010, he was convicted for conspiracy to commit forced labor and trafficking with respect to forced labor, under 18 U.S.C. §§ 371, 1589, and 1590, and sentenced to 55 months in prison. Immigration removal proceedings were subsequently commenced against Mr. Hounakey. He submitted an I-

589 application for asylum and for withholding of removal under the Convention Against Torture. An immigration judge denied Mr. Hounakey's asylum application and ordered his removal in January 2012. The BIA upheld the removal order in a decision issued in June 2012.

Mr. Hounakey reports that, in August 2017, he filed with the BIA a motion to defer removal under the Convention Against Torture, which the BIA construed as a motion to reopen its 2012 decision. The BIA denied the motion to reopen. On April 6, 2018, Mr. Hounakey filed another motion to reopen, accompanied by a request for an emergency stay of removal. The BIA apparently denied the request for an emergency stay of removal on April 9, 2018, but has not yet rendered a decision on the new motion to reopen.

Mr. Hounakey urges that, if removed, he would leave behind a wife and two young children, as well as a child from a prior relationship, all of whom he has been supporting with his job managing gasoline stations. He submits numerous exhibits purporting to show that, if returned to Togo, he would face a risk of torture or other reprisals by families of "the young women who were victimized by [Mr. Hounakey] and [his mother]," as well as conditions of general lawlessness and danger. (Mem. of Law, ECF No. 4, at 7–9 & Exs.) He has, as in his past applications to the immigration courts, relied on the assertions of a former Togolese gendarme, who opines that Mr. Hounakey "will be targeted, imprisoned and tortured by the authorities if returned to Togo." (*Id.* at 8; ECF No. 4-5, Exs. IV.d. & IV.e.)

The application and order to show differ somewhat as to the precise form of relief Mr. Hounakey is seeking, although the distinctions do not matter in the end. Paragraph 33 of the complaint states that Mr. Hounakey seeks an order of mandamus requiring the Department of Homeland Security Office of Enforcement and Removal Operations to stay his removal pending a decision on the motion to reopen presently before the BIA. The prayer-for-relief paragraph

seeks such a stay "pending further order of the Court." (ECF No. 1, at 9.) Mr. Hounakey's memorandum of law states that "Petitioner is asking the District Court to review the denial of emergency stay of deportation by the [BIA] and command the BIA to initiate a temporary stay of deportation." (ECF No. 4 at 1–2; *see also id.* at 5 ("The April 9, 2018 denial of an emergency stay of removal is the subject of the within motion.").) The proposed order to show cause would direct the respondents to show cause "why a Writ of Mandamus should not be issued Ordering that Petitioner's Request for Emergency Stay of Removal be Gra[]nted," though it additionally would order "that during the pendency of this action, Respondents are not to detain nor remove Petitioner." (ECF No. 4-1.) Thus there is some ambiguity, then, as to whether Mr. Hounakey is asking this Court to stay his removal directly, attempting to appeal the denial of a stay by the agency, or asking this Court to compel the BIA or the Department of Homeland Security to stay his removal. This Court, however, lacks subject-matter jurisdiction to grant the relief, however it is characterized.

The provisions of 8 U.S.C. § 1252, as modified by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") and the Real ID Act, grant exclusive jurisdiction to review removal orders and related matters to the Courts of Appeal and thus deprive District Courts, like this one, of any such review power. *See* 8 U.S.C. § 1252(a)(5), (b)(9), (g); *see also Vasquez v. Aviles*, 639 F. App'x 898, 900–01 (3d Cir. 2016); *Gonzalez-Lora v. Warden Fort Dix FCI*, 629 F. App'x 400, 401 (3d Cir. 2015). In particular, § 1252(a)(5) states that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5).

Furthermore, § 1252(g) states,

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241

3

> of Title 28, or any other habeas corpus provision, and sections
> 1361 and 1651 of such title, no court shall have jurisdiction to hear
> any cause or claim by or on behalf of any alien arising from the
> decision or action by the Attorney General to commence
> proceedings, adjudicate cases, or execute removal orders against
> any alien under this chapter.

8 U.S.C. § 1252(g). Judges in districts across the country, including this one, have found that this jurisdictional bar applies to applications to stay removal, even when the court might otherwise have jurisdiction over the claims presented. *See Fermin v. United States*, No. 17-cv-1862, 2018 WL 623645 (D.N.J. Jan. 29, 2018) (finding that "any challenge to the validity of that removal order *or a request for a stay of that Order* could be entertained only by the Court of Appeals"); *Vasquez v. United States*, No. 15-cv-3946, 2015 WL 4619805, at * (S.D.N.Y. Aug. 3, 2015) ("District courts within this Circuit and across the country have routinely held that they lack jurisdiction under § 1252 to grant a stay of removal."); *see also Ingram v. Holder*, No. 12-cv-390, 2012 WL 1339919 (N.D. Ala. Apr. 13, 2012); *Lage v. Chapdelaine*, No. 10-cv-1030, 2010 WL 4688820 (D. Conn. Nov. 10, 2010); *Sanchez v. Florida*, No. 09-cv-1223, 2009 WL 1953002 (M.D. Fla. July 6, 2009); *Watson v. Stone*, No. 13-cv-480, 2013 WL 6072894 (M.D. Ga. Nov. 18, 2013); *Camick v. United States*, No. 16-cv-3030, 2016 WL 8943170 (D. Kan. June 7, 2016); *Tejada v. Cabral*, 424 F. Supp. 2d 296 (D. Mass. 2006); *Sanchez-Ronquillo v. Adducci*, No. 17-cv-11395, 2017 WL 3386318 (E.D. Mich. Aug. 7, 2017); *Cole v. Byam*, No. 11-cv-115, 2011 WL 1166899 (W.D. Mich. Feb. 25, 2011); *Calderon-Rodriguez v. Terry*, No. 12-cv-691, 2013 WL 1897821 (D.N.M. Apr. 30, 2013); *Rosales v. Artus*, No. 10-cv-2742, 2011 WL 3845906 (E.D.N.Y. Aug. 30, 2011); *Eisa v. ICE*, No. 08-cv-6204, 2008 WL 4223618 (S.D.N.Y. Sept. 11, 2008); *Adames v. Hinton*, No. 16-cv-963, 2016 WL 7386348 (S.D. Ohio); *Guzman v. ICE*, No. C-06-23, 2006 WL 2345995 (S.D. Tex. Aug. 10, 2006).

These statutory jurisdiction-stripping provisions make specific reference to the mandamus statute, 28 U.S.C. § 1361, which Mr. Hounakey cites in this case. Thus the court cannot, in particular, issue an order of mandamus compelling a government official to take an action or make a decision that the court itself is barred from making. Accordingly, this Court lacks any jurisdiction to stay Mr. Hounakey's removal or to compel the Department of Homeland Security or the BIA to issue such a stay.[1]

The finding that this Court lacks subject-matter jurisdiction to grant the relief sought by Mr. Hounakey's application for an order to show cause applies equally to his complaint as a whole, as it seeks, essentially, the same relief. Accordingly, the complaint will be dismissed *sua sponte*, without prejudice to the subsequent filing of any pleading over which the Court may properly exercise jurisdiction. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) ("[S]ubject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection.").

Accordingly, Mr. Hounakey's application for an order to show cause will be denied and this proceeding will be dismissed without prejudice.

DATED: April 26, 2018

_____
KEVIN MCNULTY
United States District Judge

---

[1] I hold only that Mr. Hounakey is seeking relief in the wrong court. This decision is without prejudice to an application seeking such relief from the Court of Appeals for the Third Circuit. *See, e.g., Fermin*, 2018 WL 623645; *Nken v. Chertoff*, 559 F. Supp. 2d 32 (D.D.C. 2008) (concluding that the REAL ID Act gives exclusive jurisdiction for staying a final order of removal to the appropriate Court of Appeals).